**Exhibit 3**

in the art to which it pertains, or with which it is most nearly connected, to make and use any of the allegedly claimed inventions. 35 U.S.C. § 112, ¶ 1. Moreover, the patent application that issued as the Asserted Patent did not contain a written description of the purported invention sufficiently clear and complete to enable one of ordinary skill in the art to which the purported invention pertains to make and use the invention as claimed, and as alleged by Plaintiff in its Infringement Contentions, without undue experimentation. *Id.* To the extent any of the Asserted Claims are found to cover the "Accused Target System" identified in Plaintiff's Infringement Contentions, such Asserted Claims are also invalid under 35 U.S.C. § 112, ¶ 1 because their full scope is not enabled by the specification of the Asserted Patent (including the '362 Provisional incorporated by reference therein).

Defendant contends that the scope of each Asserted Claim, as alleged by Plaintiff in its Infringement Contentions, was not described with particularity, and with sufficient detail, in the specification to which priority is sought to allow a person of ordinary skill in the art to understand what is claimed and to recognize that the inventor invented what is claimed. Accordingly, based on Plaintiff's allegations in its Infringement Contentions, each Asserted Claim of the Asserted Patent is invalid for lack of adequate written description and/or enablement under 35 U.S.C. § 112, ¶ 1.

For example, in its filing of the application leading to the Asserted Patent on March 27, 2019, Plaintiff introduced new matter, including at least the following claim limitations that are not supported by the disclosure of any of the priority documents, nor by the disclosure in the specification of the Asserted Patent:

- "a server configured to receive data from the second wireless device when in proximity to the first wireless device" (claim 1) / "sending data to a server, when in proximity to the first wireless device" (claim 11)

- "further the server is configured to gather information from the second wireless device" (claim 7) / "the server is configured gather information from the second wireless device, the second wireless device including the wireless transceiver" (claim 17)

Indeed, in the specification of the Asserted Patent (including all priority documents), the Plaintiff *never* discloses a server receiving data directly from the wireless device that it refers to as the "PDK", which Plaintiff has conceded in this case is the "second wireless device" of the Asserted Claims. *See, e.g.*, D.I. 20. Rather, in every embodiment including a "server" in the Asserted Patent, the Plaintiff *only* discloses the "server" receiving data directly from the wireless device that it refers to as the "RDC", or directly from a game/gaming device (that is disclosed as including an RDC, but is *never* disclosed as including a PDK, and is *never* disclosed as communicating directly with the PDK). *See, e.g.*, '533 Patent at Figures 19-20, 23, 31, 33-36, and 38-43 (and corresponding disclosure). Moreover, in every embodiment in the Asserted Patent, the Plaintiff discloses the PDK as only communicating directly with the RDC, and not with any other component (*e.g.*, server, gaming device, game). *See generally* '533 Patent.

Furthermore, while Plaintiff may argue that the language of 2:67-3:8 in the "Summary" section of the Asserted Patent, in a vacuum, provides written description support for the broader scope of the Asserted Claims (including a scope in which the "server" receives data directly from the PDK), the surrounding language of the "Summary" section makes clear that the "first wireless device" and "second wireless device" in this excerpt are referring to RDC devices (*e.g.*, devices "having a first range of wireless coverage") and are distinct from PDK devices (*i.e.*, a "portable wireless device"). *See, e.g.*, '533 Patent at 2:16-64, 3:13-4:3[19]. This fact is confirmed by the

---

[19] The "Summary" section of the Asserted Patent is identical to the "Summary" sections of two of the Related Patents: U.S. Pat. Nos. 9,037,140 (filed November 27, 2012) and 10,334,541 (filed March 31, 2015). Thus, with the exception of the claims and the "Cross-Reference to Related Applications" section, the specification of the Asserted Patent is identical to the specification of related U.S. Pat. Nos. 9,037,140 and 10,334,541.